**August E. DENNY, Plaintiff-Appellant,**

v.

**JUGOSLAVENSKA OCEANSKA PLOV., KOTOR YUGOSLAVIA, Defendant-Appellee.**

No. 71–3196

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 2, 1972.

George W. Reese, New Orleans, La., for plaintiff-appellant.

J. Dwight LeBlanc, Jr., Ralph E. Smith, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

In this admiralty Sieracki action, Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, the sole question presented is whether a shipowner's violation of a safety regulation for longshoring which resulted in the undisputed unseaworthiness of his vessel was a proximate cause of a longshoreman's personal injury. The trial court held that it was not and denied recovery. We reverse.

Longshoreman Denny was engaged with fellow workers in the discharge of cargo from the S.S. SALVONIJA to a barge lying on its offshore side in the Port of New Orleans. A Jacobs ladder, provided by Denny's employer, Atlantic & Gulf Stevedores, Inc., was hung over the offshore rail of the vessel down to the barge to provide access by the longshoremen between the barge and the deck of the ship. At the end of the day, Denny ascended the ladder from the barge to depart the ship, and upon reaching the rail of the ship's bulwark, hurriedly vaulted over it.

It was established that on the ship's side of the rail about six feet of excess

---

* ▆ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

ladder was laid flat on a walking and working area of the deck. Denny claimed that after vaulting the rail his right foot landed on one of the ladder's rungs, which turned causing him to injure his right ankle. While finding that the method used by Denny to vault the rail was one method commonly used by longshoremen of the port, the court also found that two other methods commonly used were more prudent.

The court concluded that the position of the excess ladder on the ship's deck violated a safety regulation for longshoring promulgated by the Department of Labor, Safety and Health Regulations for Longshoring 29 C.F.R. § 1504.91(a), pursuant to the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C.A. § 901 et seq. There was thus a finding of unseaworthiness that is undisputed here. Nevertheless, the court dismissed the claim on the ground that Denny's negligence, not the vessel's unseaworthiness, was the sole and proximate cause of the injury.

In Manning v. M/V Sea Road, 5 Cir. 1969, 417 F.2d 603, we held that a violation of a safety regulation was a cause of a longshoremen's injury because the injury could not have occurred without the breach of the regulation. This was found to be so regardless of the presence or absence of other considerations which might affect the degree of fault. *See* United N. Y. & N. J. Sandy Hook Pilots Ass'n v. Halecki, 1959, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541; Socony-Vacuum Oil Company v. Smith, 1939, 305 U. S. 424, 59 S.Ct. 262, 83 L.Ed. 265.

██ The trial court distinguished *Manning* from the facts of this case by finding that *Manning* was intended only to prevent the imposition of the entire loss on the longshoreman where there was a flagrant violation of a safety regulation, not where there was, as here, what it termed a technical violation. We do not read *Manning* with such myopic vision. These regulations were meant to eliminate "the risk of injury to all longshoremen, not just longshoremen who are 100%-plus prudent." *Manning, supra,* 417 F.2d at 609. *See* Burrage v. Flota Mercante Grancolumbiana, S.A., 5 Cir. 1970, 431 F.2d 1229, 1232. Once it is established that the injury could not have occurred without the breach of the regulations, as here and as in *Manning,* the district court must determine the comparative fault of the parties and apportion the damages accordingly.

We reverse and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.