James **DENENEA**, Plaintiff-Appellant,

v.

**SHIPPING ENTERPRISE CORPORA-TION** et al., Defendants-Appellees.

No. 73-2177

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1973.

James A. Wysocki, J. Stuart Douglass, New Orleans, La., for plaintiff-appellant.

John R. Peters, Jr., New Orleans, La., for Todd Shipyards, Con. Mariner Inc. and Travelers Ins.

Paul A. Nalty, New Orleans, La., for Pacific Steamship and S/S Viking.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

At the time of his accident, appellant was chief electrician for a ship repairer. He was injured when steps providing access to the S.S. Wingless Victory collapsed under his weight. The district court held that the defective steps ren-

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

dered the ship unseaworthy, and assessed appellant's damages for lost earnings and pain and suffering at $3,500. See Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. This sum was reduced by 60 per cent to an award of $1,400, by application of the admiralty doctrine of comparative fault. Appellant here objects to the assessment of damages and to the 60 per cent reduction for his fault.

 Appellant's principal contention is that because the accident resulted from violation of a safety regulation, Safety and Health Regulations for Ship Repairing, 29 C.F.R. 1508.44(a)(9), it is inappropriate to apply the comparative fault doctrine. This contention is in clear conflict with Fifth Circuit decisions. See Denny v. Jugoslavenska Oceanska Plov., Kator Yugoslavia, 1972, 455 F.2d 1277, 1278; Phipps v. S.S. Santa Maria, 1969, 418 F.2d 615; Manning v. M/V Sea Road, 1969, 417 F.2d 603, 612. Cf. Neal v. Saga Shipping Co., 1969, 407 F.2d 481, 485–486. Further, appellant did not raise this issue in the court below.

As for the assessment of damages at $3,500, we conclude that the findings of the district court are not clearly erroneous. Appellant continued to work normally for two weeks after the accident, although he was experiencing some pain. He was then diagnosed as having suffered a hernia, and missed about six weeks of work for surgical repair and normal post operative recovery. A year later he developed a hydrocele which required simple surgery and a short period of recuperation. The district court's conclusion that the accident did not cause the hydrocele is amply supported by medical evidence.

Likewise, we find that the district court was not clearly erroneous in determining that appellant was 60 per cent at fault. While appellant did not place the steps at the end of the ship's gangplank, he was aware that they were there and that they were defective. Further, there is evidence which supports the conclusion that appellant had negligently breached his duty as an acting foreman to assure that the defective steps were replaced.

The judgment is therefore affirmed.