Joe R. MAZZANTI, Plaintiff-Appellant-Cross Appellee,

v.

LYKES BROTHERS STEAMSHIP COMPANY, INC., Defendant-Appellee-Cross Appellant.

No. 74–2869.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1975.

Rehearing and Rehearing En Banc Denied Feb. 2, 1976.

Sidney L. Ravkind, Houston, Tex., for plaintiff-appellant.

Bryan F. Williams, Galveston, Tex., for defendant-appellee.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

GODBOLD, Circuit Judge:

Plaintiff-appellant, a longshoreman, was injured when he slipped and fell aboard a Lykes Bros. vessel berthed at Galveston. The accident occurred when plaintiff was helping to control the movement of a heavy steel beam which was being removed from over a hatch area in the tween deck preparatory to discharge of cargo. The District Judge found that the cause of the accident was trash and debris, consisting of paper, boxes, cardboard, and broken pieces of cartons and crates, that the vessel had permitted to accumulate in violation of its duty to provide a safe place to work. The court also found the plaintiff was 75% contributorily negligent, and reduced the damages by 75%, because plaintiff should have reported the condition of the area to the gang foreman who could have requested that the area be cleaned by a cleanup crew or could have requested that aid be sent to the longshoremen's gang to assist them in cleaning the area.

33 U.S.C. § 941 requires the maintenance of a reasonably safe place of work. The Safety and Health Regulations for Longshoring, 29 C.F.R. § 1918.-91(d), provide: "Loose paper, dunnage and debris shall be collected as the work progresses and be kept clear of the immediate work area."

Plaintiff urges us to hold that what the trial court did was to apply assumption of risk in the guise of contributory negligence, or, alternatively, at least where there is a violation of the Regulations, that as a matter of law a seaman's contributory negligence cannot exceed 50%. These are arguments we need not reach. We have examined the evidence relating to contributory fault. Without attempting to delineate every possible consideration we note several factors. The ship violated an absolute, non-delegable duty of care to all aboard who might use the debris-cluttered area. Since the plaintiff had no assigned duty of providing for the safety of co-workers he only violated a duty of care primarily to himself.[1] The debris that caused the plaintiff to fall had been left from unloading operations conducted at the vessel's last port of call in New Orleans. Thus the ship's duty with respect to the condition, and the ship's opportunity to correct the default, extended over a considerable period of time, while plaintiff's failure was only transitory. The failure of the ship involved higher level personnel with duties to inspect, while plaintiff was only a lower level employee. Removal of the risk by the ship was neither complex nor difficult. The alternatives available to plaintiff in lieu of continuing work at the risk of harm to himself were to refuse to work or to report the condition and hope that cleanup assistance would be sent.[2] Had the longshore gang, or plaintiff as a member of it, refused to work, or if a cleanup crew had been sent for, the work assigned to the gang of which plaintiff was a member necessarily would have stopped or at least would have been impeded. The ship on the other hand had enjoyed full opportunity to clear the area before the

---

1. *Compare Denenea v. Shipping Enterprise Corp.*, 486 F.2d 549 (CA5, 1973), plaintiff fell on defective steps, was aware of the defect, and as acting foreman was under a duty to assure that the defective steps were replaced, a finding of 60% contributory fault was affirmed; *Scott v. Fluor Ocean Services*, 501 F.2d 983 (CA5, 1974), plaintiff fell while failing to pay attention to his descent of a step that was adequate for a person paying attention, finding of 75% contributory fault affirmed; *Smith v. U. S.*, 336 F.2d 165 (CA4, 1964), finding of 50% contributory fault reversed, the court holding that plaintiff's use of a ladder known to be deficient but where there was no alternative safe route, was not contributory fault at all.

2. The defendant appears to argue that as a matter of plaintiff's work as longshoreman, rather than as an obligation imposed by law to minimize the danger to himself, plaintiff was under a duty to clean the area, while plaintiff contends that a longshoreman does not clean the area in which he is to work. The trial court made no findings on this question.

gang arrived and commenced preparations to unload. Finally, we have previously referred to the desirability of furthering the Congressional policy behind the regulations. *Manning v. M/V "Sea Road"*, 417 F.2d 603 (CA5, 1969); *Phipps v. S.S. Santa Maria*, 418 F.2d 615 (CA5, 1969).

We conclude that on this record the evidence does not and cannot support a conclusion that plaintiff was more than 50% contributorily at fault. We therefore direct that his damages be reduced only 50%.

Reversed and remanded.