George H. SEEMANN, Plaintiff-Appellee,

v.

Leonard Paul BERGER, M.D., in personam, and M/V FOLLIES BERGERE, in rem, Defendants-Appellants.

No. 75–4176.

United States Court of Appeals, Fifth Circuit.

July 27, 1977.

Rehearing Denied Aug. 23, 1977.

* Judge Craven concurred in this opinion but died before it was filed.

George O. Mitchell, David R. Canning, Miami, Fla., for defendants-appellants.

Ronald A. Fitzgerald, Fort Lauderdale, Fla., for plaintiff-appellee.

Before THORNBERRY and GEE, Circuit Judges, and MARKEY,* Chief Judge.

MARKEY, Chief Judge:

This is an appeal from the judgment of the United States District Court for the Southern District of Florida in an admiralty action involving the collision of two vessels, the "Mitchell II," and the "Follies Bergere." The district court, after trial without a jury, held that the collision resulted from negligence on the part of both vessels and the court proportioned fault at thirty percent to the appellee (Seemann) and seventy percent to appellants Berger and the Follies Bergere (Berger). While awarding damages to Seemann for lost profits, charter hire of a replacement vessel, and repairs to the "Mitchell II," and to Berger for repairs on the "Follies Bergere," the court denied Berger's claim for damages occasioned by his loss of use of the "Follies Bergere." Urging that the district court erred in proportioning fault, Berger seeks either full exoneration, or a reapportionment placing the substantial majority of blame for the collision on Seemann. In addition, Berger asserts that the court erred in denying him damages for lost use of the "Follies Bergere."

Berger does not question the trial court's findings of fact concerning the sequence of events which led to the accident, nor does he suggest that the evidence fails to support those findings. He questions only the specific proportioning of fault, contending that the 70/30 allocation is unwarranted in view of alleged violations of the International Rules of the Road by Seemann. 33 U.S.C. §§ 1083, 1084, 1085, 1086(b), 1090(a), and 1091.

Seemann admits that there was sufficient evidence to find that he had failed to maintain a proper lookout, but asserts that Berger's failure to maintain *anyone* performing *any* lookout function whatsoever approaches culpable negligence, thereby justifying the court's proportionate finding.

A thorough review of the record convinces us that no mistake has been committed. On the contrary, the district court did an admirable job of evaluating conflicting testimony.** His findings, based largely upon the credibility of the witnesses, are supported by substantial evidence and are certainly not clearly erroneous. Fed.R.Civ.P. 52(a), *Denenea v. Shipping Enterprise Corp.*, 486 F.2d 549 (5th Cir. 1973); *Horton*

---

* Of the U.S. Court of Customs and Patent Appeals, sitting by designation.

** The court accurately described that conflicting testimony as follows:

I really wasn't exaggerating when I said that I think this is the most finely balance[d] set of facts I have run into a little over my three years on this bench.

*v. United States Steel Corp.*, 286 F.2d 710 (5th Cir. 1961).

We agree with Seemann that the court was correct in placing greater weight upon Berger's failure to tend the helm of the Follies—in the words of the court, "a totally inexcusable lapse." It is one thing for a lookout to fail to scan a full 360 degrees, and quite another for a lookout to abandon the helm altogether. We accept the court's general findings of negligence on the part of both vessels as being sufficient to support the judgment, and as rendering unnecessary the consideration of the allegations of violations of the International Rules of the Road by both parties. The proportion of seventy percent fault to Berger was permissible on this record and will not be disturbed.

We consider Berger's evidence of damage insufficient to support an award for loss of use of the "Follies Bergere." We do not reach the question of whether loss of use of a purely pleasure craft is compensable, Berger's allegation regarding a planned one week pleasure trip being devoid of adequate evidentiary support in the record.

AFFIRMED.